UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT MICHAEL CLIFTON,

                    Petitioner,

v.                                              Case No. 2:09-CV-12935
                                                HONORABLE GERALD E. ROSEN

KENNETH T. MCKEE,

                    Respondent.

_____/

**OPINION AND ORDER DISMISSING PETITION FOR WRIT OF
HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY
AND LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS**

        This is a habeas case brought pursuant to 28 U.S.C. § 2254.  Petitioner Scott

Michael Clifton, a Michigan prisoner currently confined at the Bellamy Creek Correctional

Facility in Ionia, Michigan, is challenging convictions for two counts of armed robbery, Mich.

Comp. Laws §750.529, and one count of first-degree home-invasion, Mich. Comp. Laws

§750,110a,  which were imposed pursuant to the entry of his guilty plea in Oakland County

Circuit Court on September 4, 2007.  Petitioner was sentenced as an habitual fourth

offender, Mich. Comp. Laws §769,12, to fourteen years six months to twenty-five years'

imprisonment on each count.  Pending before the Court is Petitioner's "Motion to Hold

Habeas Petition in Abeyance."  For the reasons stated herein, the Court will deny

Petitioner's motion and will dismiss without prejudice the petition for writ of habeas corpus.

The Court also denies a certificate of appealability and leave to proceed on appeal *in forma*

*pauperis.*

## I. Discussion

### A.  Stay & Abeyance

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

In this case, Petitioner states that he has a motion for relief from judgment pending in the Oakland County Circuit Court concerning the convictions challenged in this petition. Petitioner must complete the state court process before seeking habeas relief in this Court. *See Witzke v.Bell*, No. 07-CV-15315, 2007 WL 4557674 (E.D. Mich. Dec. 20, 2007); *Harris v. Prelisnik*, No. 06-CV-15472, 2006 WL 3759945 (E.D. Mich. Dec. 20, 2006). Federal habeas law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. See 28 U.S.C. § 2254(d). The state courts must first be given a fair opportunity to rule upon Petitioner's habeas claims before he can present those claims to this Court. Otherwise, the Court cannot apply the standard found at 28 U.S.C. § 2254. Even if Petitioner's pending motion does not concern his current claims, that proceeding may result in the reversal of Petitioner's convictions on other grounds, thus mooting the federal questions presented. *See Sherwood v. Tomkins*, 716

F.2d 632, 634 (9th Cir.1983); *Woods v. Gilmore*, 26 F. Supp. 2d 1093, 1095 (C.D. Ill. 1998); see *also Szymanski v. Martin*, 99-CV-76196-DT, 2000 WL 654916 (E.D. Mich. April 13, 2000).

In his request for relief, Petitioner asks the Court to hold his petition in abeyance pending the resolution of his motion for relief from judgment in the state courts. A federal district court has discretion to stay mixed habeas petitions, containing both exhausted and unexhausted claims, to allow a petitioner to present his unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. See *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id.* at 277.

Petitioner, however, has not shown the need for a stay. First, the one-year statute of limitations, see 28 U.S.C. § 2244(d), does not pose a problem for Petitioner as long as he pursues his state court remedies in a prompt fashion. The one-year limitations period did not begin to run until 90 days after the conclusion of his application for leave to appeal process,  see *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000), on October 27, 2008. Petitioner states that on March 23, 2009, he filed his motion for relief from judgment with the Oakland County Circuit Court.  Therefore, the statute ran for approximately five months before the motion for relief from judgment was filed.  The one-year period will be tolled during the time in which Petitioner's motion for relief from judgment and related appeals are pending in the state courts. *See* 28 U.S.C. § 2244(d)(2); *see also Carey v. Saffold*, 536

3

U.S. 214, 219-221 (2002); *Abela v. Martin*, 348 F.3d 164, 166 (6th Cir. 2003).

While the time in which his habeas case has been pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time is equitably tolled by the Court. *See, e.g., Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004). At a minimum, Petitioner has seven months remaining of the one-year period to seek habeas review. Petitioner has sufficient time in which to fully exhaust his issues in the state courts and return to federal court.

Second, Petitioner has not shown good cause for failing to fully exhaust all of his potential claims in the state courts before proceeding in federal court on habeas review. Although it is not clear whether Petitioner's unexhausted claims are "plainly meritless,[1]" Petitioner has not demonstrated good cause why these claims were not raised during the initial appeal process. Under such circumstances, a stay is unwarranted and a non-prejudicial dismissal of the petition is appropriate.

### B. Certificate of Appealability & *In Forma Pauperis* on Appeal

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate

---

[1] (1) ineffective assistance of trial counsel; (2) improper acceptance of the guilty plea; (3) prosecutorial misconduct; and (4) ineffective assistance of appellate counsel.

4

of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). In this case, the Court concludes that reasonable jurists would not debate that a certificate of appealability is unwarranted in this case.

Federal Rule of Appellate Procedure 24(a)(1) provides that a party to a district court action who desires to appeal *in forma pauperis* must file a motion in the district court. An appeal may not be taken *in forma pauperis* if the court determines that it is not taken in good faith. 28 U.S.C. §1915(a)(3). The standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether an appeal is in good faith. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002). Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right, a court may grant leave to proceed *in forma pauperis* if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F. Supp. 2d at 765.

The Court concludes that Petitioner should not be granted leave to proceed on appeal *in forma pauperis* as any appeal would be frivolous. See Fed. R. App. 24(a).

## II. Conclusion

For the reasons stated, the Court concludes that Petitioner has a matter pending

5

in the state courts concerning the convictions at issue in this case.

Accordingly,

IT IS ORDERED that Petitioner's ""Motion to Hold Habeas Petition in Abeyance." [Dkt. #2] is **DENIED.**

IT IS FURTHER ORDERED that the petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE.**  The Court makes no determination as to the merits of Petitioner's claims.

IT IS FURTHER ORDERED that  a certificate of appealability is **DENIED** and the Court further **DENIES** Petitioner leave to proceed on appeal *in forma pauperis.*


s/Gerald E. Rosen
HONORABLE GERALD E. ROSEN
CHIEF, U. S.  DISTRICT COURT JUDGE

Dated:    September 11, 2009


## CERTIFICATE OF SERVICE

I hereby certify that on     September 11, 2009 , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:
 Scott Clifton, #210806, Bellamy Creek Correctional Facility, 1727 West Bluewater Hwy., Ionia, MI 48846                                          .


s/Ruth A. Brissaud
Ruth A. Brissaud, Case Manager
(313) 234-5137